UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

McHENRY EVANS, JR.                         CIVIL ACTION NO. 16-cv-0662

VERSUS                                     JUDGE HICKS

BAC HOME LOAN SERVICING, LP,               MAGISTRATE JUDGE HORNSBY
ET AL

## REPORT AND RECOMMENDATION

### Introduction

McHenry Evans, Jr. ("Plaintiff") filed suit in state court against BAC Home Loan Servicing, LP ("BAC"), Bank of America, NA ("BOA"), and other entities who were allegedly involved in the servicing of Plaintiff's home mortgage. Plaintiff alleged that the servicers falsely asserted that he was delinquent on payments, wrongfully imposed escrow, wrongfully force-placed insurance, and the like. Plaintiff alleged that their actions were incorrect and unauthorized, and he prayed for injunctive and declaratory relief to correct the wrongs.

Defendants removed the case based on an assertion of federal question jurisdiction. Before the court is Plaintiff's Motion to Remand (Doc. 13). Plaintiff argues that his state court petition did not assert a federal claim. Defendants concede that the petition did not directly assert a federal claim, but they argue the suit is nonetheless removable based on the artful pleading doctrine. For the reasons that follow, it is recommended that Plaintiff's Motion to Remand be granted.

**The State Court Petition**

Plaintiff alleged in his petition that he purchased property in Shreveport in 2005 and financed the purchase price with a mortgage, which was assigned to BOA in 2008. Petition ¶¶ 7-8. In 2009, BOA claimed that Plaintiff was 60 to 90-plus days delinquent on the loan, but Plaintiff was not delinquent and had made timely and full payments. ¶ 12. Plaintiff began to communicate with BOA about refinancing his adjustable rate mortgage to a fixed rate loan. BOA stated that Plaintiff should consider a loan modification with BOA, but it said he would need to be delinquent to qualify. This was allegedly part of a widespread practice of BOA at the time, and it resulted in harm to consumers who incurred poor credit reports and were then unable to obtain financing with other mortgage companies. ¶¶ 13-14.

Plaintiff did not agree to a loan modification, and he kept making his payments in full. ¶ 15. BOA nonetheless wrote Plaintiff and stated that he was delinquent. BOA also stated that it had escrowed funds from Plaintiff's payments, even though BOA there were no escrow provisions in the mortgage agreement. ¶¶ 16-18. When Plaintiff complained, BOA falsely claimed that Plaintiff had a loan modification request pending, and that was the reason for the escrow funds. ¶ 19.

Plaintiff began to lodge disputes with consumer reporting agencies, and BOA removed some false credit reports. ¶¶ 20-21. But, within a year, BOA had again reported that Plaintiff was delinquent. ¶ 22. Plaintiff lodged disputes with the Federal Trade Commission and the Office of the Comptroller of the Currency. ¶¶ 26-27.

Plaintiff received notice in October 2010 that insurance had been force-placed at BOA's request based on a representation that Plaintiff did not have hazard insurance. Plaintiff alleged that those claims were false, and he always maintained insurance, paid his premiums, and there was no change or lapse in coverages.  ¶ 28.  Over the next several months, Plaintiff continued to have problems with false credit reporting, claims that payments were not made, and unlawful escrow.  ¶¶ 29-35.  BOA wrote in July 2011 and stated that the servicing of the mortgage loan had been assigned to BAC.  ¶ 36.

Plaintiff's counsel wrote a detailed qualified written request ("QWR") to BOA and BAC and outlined the history of the problems and demanded a corrected accounting.  The letter explained that Plaintiff was never in arrears and always had insurance.  ¶ 38.  Despite the QWR letter, BOA continued to claim that Plaintiff underpaid his monthly payments and had not provided adequate proof of insurance.  ¶¶ 39-40.

A series of similar conflicts continued over the next several months.  By May 2015, BOA and BAC wrote Plaintiff and issued a written notice of intent to accelerate and foreclose.  The notice claimed Plaintiff was in arrears $1,212.  ¶¶ 41-54.  Defendant Shellpoint entered the scene in January 2016.  It claimed that it had become the servicer of the loan for BOA, and it issued a notice of default and threatened foreclosure.  ¶¶ 60-62. Shellpoint also improperly assessed P & I on the loan.  ¶ 63.

Plaintiff's petition did not pray for any award of damages.  It did seek a long list of forms of injunctive and declaratory relief.  Those requests included orders that the defendants render a complete accounting, cease placing force-placed insurance, cease using an escrow

account, cease placing installment payments in suspense, and cease publishing derogatory and purportedly delinquent credit reportings.  ¶¶ 67-68.

**Analysis**

### A.  Well-Pleaded Complaint Rule; Artful Pleading Doctrine

Under the well-pleaded complaint rule, a federal court has original or removal jurisdiction only if a federal claim is presented on the face of the well-pleaded complaint. There is no federal claim presented if the plaintiff properly pleads only a state law cause of action.  And the possibility that a plaintiff could have asserted a federal claim does not permit federal question removal.  A plaintiff is master of his complaint and may generally allege only a state law cause of action even where a federal remedy is available.  Bernhard v. Whitney National Bank, 523 F.3d 546, 551 (5th Cir. 2008).

Plaintiff's petition did not expressly invoke any federal law claims.  Defendants nonetheless removed it based on an argument that the petition asserts rights that arise under federal law and allow removal under 28 U.S.C. §§ 1441 and 1331.  Plaintiff specifically denies that his petition attempts to assert any federal claims, and he states that he relies solely upon Louisiana law claims for unreasonable collection acts and omissions, fraud, violation of the obligation to act in good faith in contract matters, violation of the terms of the loan and mortgage contracts, and the like.

Defendants do not contend that the petition directly presents a federal claim.  Rather, they rely on an exception to the well-pleaded complaint rule known as the artful pleading doctrine.  Under that principle, removal is permitted even though the plaintiff has relied

exclusively on state law if there is a federal law that completely preempts the plaintiff's state law claim.  Bernard, 523 F.3d at 551.  The Fifth Circuit has emphasized "that the artful pleading doctrine applies *only* where state law is subject to complete preemption." Id.

Assessing such claims requires taking care to distinguish ordinary or defensive preemption from complete preemption.  The term federal preemption usually refers to ordinary preemption, which is a federal defense to a plaintiff's suit and may arise either by express statutory term or by a direct conflict between the operation of federal and state law. Johnson v. Baylor Univ., 214 F.3d 630, 632 (5th Cir. 2000), citing Heimann v. Nat'l Elevator Indus. Pension Fund, 187 F.3d 493, 500 (5th Cir. 1999).  Being a defense, it does not appear on the face of a well-pleaded complaint, and, thus, does not authorize removal to a federal court. In contrast, complete preemption is jurisdictional rather than an affirmative defense to a state-law claim. As such, it authorizes removal to federal court even if the complaint is artfully pleaded to include solely state law claims for relief. Id.

Complete preemption entirely substitutes a federal law cause of action for a state one. The Supreme Court has recognized it in only three areas:  The Labor Management Relations Act, ERISA, and the National Bank Act. Beneficial National Bank v. Anderson, 123 S.Ct. 2058 (2003); Hastings v. Bank of America Corp., 2013 WL 5530979 (S. D. Tex. 2013).  The Fifth Circuit has found that the Carmack Amendment and Interstate Commerce Commission Termination Act completely preempt certain claims related to interstate shipping.  PCI Transp., Inc. v. Forth Worth & W. R.R. Co., 418 F.3d 535 (5th Cir. 2005);  Hoskins v.

<u>Bekins Van Lines</u>, 343 F.3d 769 (5th Cir. 2003).  Other examples of complete preemption are rare.

### B.  RESPA

Defendants' notice of removal stated that Plaintiff artfully pleaded a violation of the Real Estate Settlement Procedures Act ("RESPA") by alleging that Defendants improperly escrowed funds, improperly reported information and accounting of the loan that prevented refinancing, and illegally assessed principal and interest.  Defendants also pointed to Plaintiff's request for an accounting and escrow corrections as being premised under RESPA.

RESPA  requires lenders and mortgage servicers to provide borrowers with certain disclosures regarding the costs of a real estate closing, and it prohibits kickbacks and referral fees. The Act provides that a claim under it may be brought in federal court or in any other court of competent jurisdiction.  12 U.S.C. § 2614.  The Act has a preemption provision of limited scope.  28 U.S.C. § 2616 ("This chapter does not annul, alter, or affect, or exempt any person subject to the provisions of this chapter from complying with, the laws of any State with respect to settlement practices, except to the extent that those laws are inconsistent with any provision of this chapter, and then only to the extent of the inconsistency.")  But that limited preemption provision is far from enough to make RESPA displace and completely preempt all state laws related to real estate closings and make all such claims removable. Several district courts have so held.  <u>See</u>, <u>e.g.</u>, <u>FNMA v. Watkins</u>, 2012 WL 983680 (D. Ariz. 2012); <u>Hernandez v. First Horizon Loan Corp.</u>, 2011 WL 2531959 (N.D. Cal. 2011); <u>Reed v. Chase Home Finance, LLC</u>, 2010 WL 378116 (S. D. Miss. 2010); <u>Brittain v. Onewest</u>

<u>Bank, FSB</u>, 2010 WL 889279 (N.D. Cal. 2010); and <u>Wood v. Option One Mortgage Corp.</u>, 580 F.Supp. 2d 1248, 1259-60 (N. D. Ala. 2008).

Defendants point to Plaintiff's reference to his attorney sending a Qualified Written Request or QWR, which is a term employed under RESPA.  Plaintiff did not, however, assert any claim based on the QWR or contend that Defendants cannot foreclose because they failed to respond to the QWR.  The simple mention of the QWR in the factual allegations does not bring any claims under RESPA or permit removal based on a theory of complete preemption.  <u>Scarlott v. Ocwen Loan Servicing, LLC</u>, 2014 WL 09409, *4 (S. D. Tex. 2014). Also, a state law claim such as fraud may be predicated on a duty created by RESPA without transforming it into a federal claim.    <u>Hernandez</u>, 2011 WL 2531959 at *4.    For these reasons, RESPA did not provide a basis to remove this case.

**C.  FCRA**

The Fair Credit Reporting Act ("FCRA") provides certain rights and remedies in connection with the furnishing of information to consumer reporting agencies and the like. Plaintiff's petition does not invoke the FCRA by name or citation, and Plaintiff (in his motion to remand) denies any intent to assert a claim under that law.  Plaintiff also argues that the forms of relief he seeks are not available under the FCRA.  Defendants respond that they are nonetheless entitled to remove because the state-court petition artfully pleaded a claim under the FCRA.  For Defendants to prevail, the FCRA must completely preempt all state law related to such matters.

Defendants point to provisions of the FCRA that do not allow, in certain areas, state-law requirements inconsistent with the Act.  But there is nothing in the FCRA that is so broad as to completely displace all state law in the arena of consumer credit reporting matters.  This has been recognized in multiple district court decisions that explain that defendants in such cases may have ordinary preemption defenses that they can raise based on the federal statutes, but those statutes do not give rise to complete preemption so as to allow removal to federal court.  See, e.g., McClung, 2015 WL 5638223 *5 (N. D. NY 2015) ("With respect to the FCRA, courts have generally held that it does not provide a basis for removal of state law claims pursuant to the complete preemption doctrine."); Hamed v. Chase Home Finance, LLC, 2013 WL 5674185 (E. D. La. 2013) ("Complete preemption requires clear legislative intent that the federal remedy be exclusive, which is lacking with respect to the FCRA."); Hastings v. Bank of America Corp., 2013 WL 5530979, *3 (S. D. Tex. 2013) ("Although the Fifth Circuit appears not to have decided this question, 'many district courts have considered the issue and concluded that complete preemption is lacking.'") (collecting cases); and Holmes v. Experian Information Solutions, Inc., 2011 WL 4542900, *3 (S. D. NY 2011) ("Although ... the FCRA does provide Experian with a defense of preemption in this case, courts have generally found that the FCRA does not provide a basis for removal of state law claims pursuant to the complete preemption doctrine.") (collecting cases).  Defendant have not cited any persuasive authority that has held that the FCRA completely preempts the field to allow removal of otherwise state law claims.  Accordingly, the FCRA did not provide a

basis to remove this case.  Defendants' notice of removal did not cite any other grounds for removal, so remand is in order.

**Attorney Fees**

Plaintiff requests an award of attorney fees pursuant to the provision that an order remanding a case "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  There is no presumption in favor of awarding fees following a remand, and the use of the term "may" in Section 1447(c) leaves the district court with discretion, with no heavy congressional thumb on either side of the scales. Martin v. Franklin Capital Corporation, 126 S.Ct. 704 (2005). That discretion is to be guided by the standard that:  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Id. at 711. "Conversely, when an objectively reasonable basis exists, fees should be denied." Id.  The district court also retains discretion to consider whether unusual circumstances warrant a departure from that rule in a given case.  Id.; Omega Hosp., LLC v. Louisiana Health Servie & Indem. Co., 592 Fed. Appx. 268 (5th Cir. 2014) (reversing award of fees because there was an objectively reasonable, although unsuccessful,  basis for removal).

There are numerous district court decisions that have rejected the removal arguments offered by Defendants, with many of them decided in the context of factually similar cases (and sometimes involving defendants from this case).  Defendants have cited no contrary decisions that have held that either RESPA or the FCRA completely preempt state law so as

to permit removal of such a case.  There is, therefore, an argument that there was not an objectively reasonable basis for this removal.

On the other hand, there is no Fifth Circuit or other circuit court authority that squarely forecloses such a removal, and the distinction between ordinary and complete preemption is one that has confused many lawyers.  And Plaintiff could have perhaps avoided removal if his petition had squarely and expressly disavowed the assertion of any federal claim and identified the state law claims that he asserted.  Plaintiff set forth only facts and demands, with no reference to any applicable law, state or federal.  Plaintiff was within his rights to do so, but such ambiguities have often spurred similar removals when a more straightforward approach might have avoided them. Upon consideration of the relevant facts, it is the opinion of the undersigned that the best exercise of the court's discretion is to not award fees in this case.

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's **Motion to Remand (Doc. 13)** be **granted** and that this case be **remanded** to the First Judicial District Court, Caddo Parish, Louisiana, where it was pending as Case No. 592,275-A.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another

party's objections within fourteen (14) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 17th day of October, 2016.


Mark L. Hornsby
U.S. Magistrate Judge